Weldon, J.,
delivered the opinion of the court:
This is a claim growing out of the use and occupation of a house in the city of Washington rented from the decedent as an office for the use of the Signal Service.
The occupation commenced on the 1st day of July, 1876, and terminated on the 31st day of October, 1888.
Three leases were executed by the parties, which appear at length in the findings.
The rent was paid regularly, and no claim is made for that ; but it is alleged that, in consequence of the manner in which the premises were used by the defendants, they became and were greatly damaged, beyond the reasonable wear and tear thereof, in violation of the duty of the United States under the terms of said leases.
In the lease executed on the 1st day of July, 1886, it is provided, “ that the premises shall be delivered up when no longer required for the use of the United States in as good order and condition as they were w'hen first occupied by the Government, reasonable wear and tear and damages by the elements excepted.”
This lease (by the agreement to restore the property as it was at the time it was first occupied by the Signal Service) removes all questions of the statute of limitations, as it expressly provides, that the condition of the property, when the first lease was executed, shall be the measure of the responsibility of the defendants under the lease extending to the end of the tenancy.
But few, if any, questions of law can arise upon the facts of this case.
While it has been in some respects most difficult in its facts, it is plain in the principles of law applicable to the rights of the parties.
Without an express undertaking upon the part of the defendants, they would be bound, to use the property so as not to damage it beyond the reasonable wear and tear.
*344 Upon the expiration,of the lease at said time the lessor took possession of the premises, and in consequence of the condition of the property he was compelled to expend nearly $4,000 in restoring it to a condition of habitable use..
It will be observed that the leases extended the occupation beyond a period of 12 years, so that at the end of that time there would have been considerable repairs needed to theprop-erty if the United States had been most careful in use of the premises during the entire length of the tenancy.
To mark the line between the repairs which would have been needed because of the ordinary wear and tear and those needed because of the improper use by the defendants has been somewhat difficult. There is no fixed rule of law or of fact, which enables a court to distinguish between the two classes of damage.-
While the lessor is entitled to receive his property in good condition, “ wear and tear ” excepted, he is not entitled to charge the lessee with all the decay and damage that may have happened during the continuance of the lease.
The court has examined the nature and character of the different items of repairs, and has determined that the sum of $2,036 are justly chargeable to the United States; and for that a judgment will be entered.